### CONEY WHITE *v.* THE STATE.

1. CONTINUANCE. — A defendant's application for a continuance on account of absent witnesses must allege that they are not absent by his procurement or consent, and that the application is not made for delay.

2. SAME ON APPEAL. — The materiality of the desired testimony must be made to appear in the record sent up on appeal. If no statement of facts is sent up, the bill of exceptions to the refusal of the continuance must embody all facts and matters requisite to a complete understanding of the nature, character, and bearing of the desired testimony, and of the ruling complained of; otherwise, the ruling cannot be intelligibly revised, and the presumption in its favor must prevail.

3. STATEMENT OF FACTS. — Without the signature of the presiding judge there can be no statement of facts. A document signed only by counsel for the State and the defence, though purporting to be a statement, is of no avail for any purpose.

4. CHARGE OF COURT. — Nor, without a statement of facts, can this court revise the applicability of the charge given to the jury, or the refusal of requested instructions. Its action, under such circumstances, is ordinarily limited to a revision of the indictment and of the charge in the abstract.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. G. COOK.

The offence of which the appellant was convicted was burglary with intent to commit theft. The punishment assessed against him was a term of two years in the penitentiary.

*Walter L. Wilson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The application for continuance was to obtain testimony for the purpose of impeaching a witness whom it was anticipated the State would introduce on the trial. It was defective in that it failed in two important statutory requirements, to wit: it did not allege " that the witnesses are not absent by the procurement or consent of

the defendant," nor " that the application is not made for delay." Code Cr. Proc., art. 560, subd. 4, 5.

But, if the application had been sufficient, it does not appear how the bill of exceptions reserved to the action of the court in overruling it could be made available, since there is no statement of facts that can be considered by us. What purports to be a statement of the facts is not signed or certified by the judge. The rule is well settled that a document purporting to be a statement of facts, and signed as such by the attorneys, but not signed nor approved by the judge, constitutes no part of the record; and in this court the case stands as though there had been no effort to make the statement. The signature of the judge is indispensable. *Brooks* v. *The State*, 2 Texas Ct. App. 1; *Lawrence* v. *The State*, 7 Texas Ct. App. 192.

When there is no statement of facts, a bill of exceptions having relation to the evidence must, in order to be available, state the entire facts, or so much thereof as would be necessary to a complete understanding of the nature, character, and bearing of the matter complained of. In other words, it should be full enough to supersede the necessity of resorting to other sources for facts or information, and avoid all necessity for inference or intendment. *Cordova* v. *The State*, 6 Texas Ct. App. 445. Now take the case before us, in which there is no statement of facts. How, under such circumstances, are we to know that the anticipated witness, whom it was sought to impeach, did indeed appear subsequently at the trial and testify in the case? If she did not, then the bill of exceptions is without foundation to rest upon; if she did, then that fact has not been shown. In such a state of uncertainty, how could any action of this court in determining the materiality of the evidence sought be intelligibly and satisfactorily taken? Under the circumstances it would be impossible to say whether the court erred or not, and the rule is well established that, where it is not made to appear affirmatively

that an error has been committed, every presumption will be indulged in favor of the correctness of the ruling. We can scarcely imagine a case where an application for continuance for absent witnesses could legally be revised without a statement of facts.

These rules apply with almost equal force, ordinarily, to bills of exception reserved to the refusal of the court to give in charge to the jury special instructions requested. If the instruction is predicated upon any particular phase of, or deduction to be drawn from the evidence, how can it be ascertained whether the court erred or not, when the evidence is not exhibited by a statement of facts? *Booker* v. *The State*, 3 Texas Ct. App. 227. And exceptions to the charge given can rarely present questions for revision, so far as the same is applicable to the testimony, without a statement of the facts. *Carter* v. *The State*, 5 Texas Ct. App. 458.

Without a statement of facts, as has been repeatedly decided, and so often that it is not necessary to cite authorities, the action of this court on appeal will be limited, ordinarily, to an ascertainment of the validity of the indictment and the legality of the charge to any state of case which might legitimately arise under the indictment.

Looking to the indictment in this case, we find it good in every respect, and amply sufficient to charge burglary with intent to commit theft. Looking to the charge, we find that it presents fully the law applicable to burglary with intent to steal.

The judgment is affirmed.

*Affirmed.*